UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALEXANDRIA FRANCINE BANEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-463-HAB-SLC |
| SHERIFF OF ALLEN COUNTY INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Alexandria Francine Baney, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ms. Baney is proceeding without counsel, the court must give her allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ms. Baney is in custody at the Allen County Jail. She claims to suffer from mental health problems. She claims that on May 15, 2023, she put in a request to see "psych"

due to the fact that she was "seeing shadows and hearing things." She was seen by a nurse practitioner but claims she was not given any medication. She put in an additional request in June 2023, but claims she still did not get medication needed to address the problems she was having. She subsequently got in a fight with another inmate, and it can be discerned that she was given medications sometime after that. However, her allegations reflect that her mental health issues still are not being fully addressed. She claims to have put in another health care request in September 2023, but allegedly did not get any response.

She additionally claims that she has "screws, rods and plates" in both legs due to a prior injury. In June 2023, she fell in the shower and hurt her ankle, which allegedly exacerbated her old injury. She claims she has not been given any medical care for her injury, and her requests for an additional sleeping mat to accommodate the pain she was having went unheeded. Based on these issues, she sues the Allen County Sheriff and Quality Correctional Care, seeking monetary damages and injunctive relief.

Because Ms. Baney is a pretrial detainee, her rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in

2

terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Ms. Baney the inferences to which she is entitled at this stage, she has alleged a serious medical need with respect to her mental health problems and her ankle injury. However, she does not sue any medical professional who committed a "volitional act" related to her medical care. *Gonzalez*, 40 F.4th at 828. She sues the Sheriff, but there is no plausible basis to infer that the Sheriff was personally involved in these events; instead, Ms. Baney appears to be trying to hold him liable as the official overseeing operations at the jail. That is not a viable basis for imposing damages under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Nevertheless, the complaint alleges that Ms. Baney has an ongoing need for medical treatment for mental health problems and an ankle injury. The Sheriff is an appropriate party to ensure inmates in his custody receive constitutionally adequate care for serious medical needs. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Ms. Baney will be permitted to

3

proceed on a claim against the Sheriff in his official capacity solely for injunctive relief to obtain constitutionally adequate care.

She also sues Quality Correctional Care, the private company that staffs the medical department at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official policy or custom that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Ms. Baney does not allege that Quality Care has an unconstitutional policy that caused her injury. Nor does she allege facts permitting a reasonable inference that Quality Care has an unconstitutional custom, and instead she describes conduct in the vein of negligence by a few employees. Negligence does not amount to a constitutional

4

violation, and isolated incidents of wrongdoing cannot support a *Monell* claim. *Howell*, 987 F.3d at 654; *Miranda*, 900 F.3d at 353-54. This corporate defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the Sheriff of Allen County in his official capacity under the Fourteenth Amendment to obtain constitutionally adequate medical care for mental health problems and an ankle injury;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Correctional Care as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Sheriff of Allen County at the Allen County Sheriff's Department and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS the Sheriff to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2023.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT